```
               UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH W. DODGSON,              :    CIVIL NO. 1:08-CV-1420
                               :
          Petitioner           :    (Judge Caldwell)
     v.                        :
                               :    (Magistrate Judge Smyser)
JOSEPH NISH, Superintendent,   :
S.C.I. WAYMART,                :
                               :
          Respondent           :
```

**REPORT AND RECOMMENDATION**

On July 30, 2008, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner is challenging his conviction in the Court of Common Pleas of Lackawanna County, Pennsylvania.

The petitioner pled guilty to one count of involuntary deviate sexual intercourse and one count of sexual abuse of children. *Commonwealth v. Dodgson,* No. 465 MDA 2000, slip op. at 1 (Pa.Super.Ct. Sept. 26, 2000). On January 16, 1998, the trial court sentenced the petitioner to an aggregate prison term of five years and nine months to twelve years. *Id.* The petitioner did not file a direct appeal. *Id.*

On December 8, 1998, the petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). *Id.* The PCRA court appointed counsel to represent the petitioner, and petitioner's counsel filed an amended petition. *Id.* After an evidentiary hearing, the PCRA court denied the PCRA petition. *Id.* The petitioner appealed to the Pennsylvania Superior Court, and, by a Memorandum and Order dated September 26, 2000, the Superior Court affirmed the PCRA court's denial of the PCRA petition. *Id.* at 3.

On May 23, 2001, the petitioner filed a second PCRA petition. *Commonwealth v. Dodgson*, NO. 96-CR-1117, slip. op. at 1 (C.C.P. Lackawanna Cty. Nov. 28, 2006). The petitioner, through counsel, filed an amended petition, and a hearing was held. *Id.* at 2. By a Memorandum and Order dated November 28, 2006, the PCRA court denied the petitioner's second PCRA petition as untimely. *Id.* at 3. The petitioner appealed to the Pennsylvania Superior Court, and, by a Memorandum and Order dated September 6, 2007, the Superior Court affirmed the PCRA court's denial of the second PCRA petition. *Commonwealth v. Dodgson,* No. 34 MDA 2007, slip op. at 5 (Pa.Super.Ct. Sept. 6, 2007). On July 16, 2008, the Pennsylvania Supreme Court denied the petitioner's petition for allowance of appeal. *Commonwealth v. Dodgson,* 954 A.2d 574 (Table)(Pa. 2008).

The petitioner filed the instant habeas corpus petition on July 30, 2008. The petitioner presents six claims: 1) that his Fourth Amendment rights were violated by the search of certain diskettes; 2) that his trial counsel was ineffective in violation of the Sixth Amendment; 3) that his PCRA counsel was ineffective in violation of the Sixth Amendment; 4) that the trial court denied him due process by engaging in an inadequate guilty plea colloquy; 5) that the court denied him due process by denying his second PCRA petition as untimely; and 6) that the one-year statute of limitation in the PCRA for second petitions violates the Fourteenth Amendment.

On August 29, 2008, the respondent filed an answer to the petition. The petitioner filed a reply on October 6, 2008.

The respondent correctly argues that the petitioner's claim that his PCRA counsel was ineffective is not a cognizable federal habeas corpus claim. 28 U.S.C. § 2254(i) provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Pursuant to § 2254(i), the petitioner's claim of ineffective

assistance of post-conviction counsel is not cognizable under § 2254.

Additionally, the petitioner's claims that the PCRA court denied him due process by denying his second PCRA petition as untimely and that the one-year statute of limitation in the PCRA for second petitions violates the Fourteenth Amendment are also not cognizable federal habeas claims.

Alleged errors in collateral proceedings are not a proper basis for habeas relief. *Abu-Jamal v. Horn,* 520 F.3d 272, 297 (3d Cir. 2008). The Third Circuit has explained:

> The federal courts are authorized to provide collateral relief where a petitioner is in state custody or under a federal sentence imposed in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. §§ 2254, 2255. Thus, the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.

*Lambert v. Blackwell,* 387 F.3d 210, 247 (3d Cir. 2004)(quoting *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)). "Federal habeas power is 'limited . . . to a determination of whether there has been an improper detention by virtue of the state court judgment.'" *Hassine, supra,* 160 F.3d at 954 (quoting *Henderson v. Frank,* 155 F.3d 159, 168 (3d Cir. 1998)).

4

Because errors in collateral proceedings are not a proper basis for habeas relief, the petitioner's claims that the PCRA court denied him due process by denying his second PCRA petition as untimely and that the one-year statute of limitation in the PCRA for second petitions violates the Fourteenth Amendment are not cognizable federal habeas claims.

As to the remaining claims, we turn to the respondent's contention that the petitioner's claims are barred by the one-year statute of limitations in 28 U.S.C. § 2244(d).

28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other

>       collateral review with respect to the pertinent
>       judgment or claim is pending shall not be counted
>       toward any period of limitation under this
>       subsection.

There is no basis presented to find that subsections (B) (C) or (D) of 28 U.S.C. § 2244(d)(1) apply to the petitioner's claims. Accordingly, the claims are subject to 28 U.S.C. § 2244(d)(1)(A) and the one-year statute of limitations began to run on the date that the judgment of conviction became final.

In this case, the petitioner's judgment of conviction became final on February 15, 1998, thirty days (the time during which the petitioner had to file a direct appeal) after he was sentenced. The statute of limitations ran from February 16, 1998 until December 7, 1998, for a total of 295 days.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled during the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. Thus, in this case, the statute of limitations was tolled from December 8, 1998 (the date the petitioner filed his first PCRA petition) until October 26, 2000 (which is thirty days (the time period in which the petitioner could have appealed) after the Pennsylvania Superior Court denied the petitioner's appeal of the

denial of the PCRA petition). *See Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000)(holding the pursuant to 28 U.S.C. § 2244(d)(2) the statute of limitations is tolled during the time a prisoner has to seek review of a lower court's decision whether or not such review is actually sought).

The statute of limitations began running again on October 27, 2000 and, absent equitable tolling, expired 70 (365 days less the 295 days the statute had already run) days later on January 4, 2001.[1]

The one-year limitation in 28 U.S.C. § 2244 functions as a statute of limitations and is subject to equitable tolling. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). However, the doctrine of equitable tolling should be invoked "sparingly." *Brinson v. Vaughn,* 398 F.3d 225, 230 (3d Cir. 2005). Equitable tolling is proper only when the principles of

---

1. Given that, absent equitable tolling, the statute of limitations would have already expired prior to the time that the petitioner filed his second PCRA petition, the second PCRA petition did not statutorily toll the running of the statute of limitations. Moreover, a state post-conviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and, therefore, does not toll the statute of limitations. *Pace v. DiGugliemo,* 544 U.S. 408, 417 (2005). The Pennsylvania Courts determined that the petitioner's second PCRA petition was not timely filed. Therefore, the statute of limitations was not tolled pursuant to § 2244(d)(2) during the time that the second PCRA petition was pending in state court.

equity make the rigid application of the limitations period unfair. *Miller, supra*, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).  "Mere excusable neglect is not sufficient." *Miller, supra,* at 619.  In non-capital cases, attorney error does not rise to the extraordinary circumstances required for equitable tolling. *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002).  Equitable tolling may however be warranted where an attorney affirmatively lied to his or her client regarding a filing date. *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)(citing *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 241-242 (3d Cir. 1991)).

The petitioner contends that his claims are not time barred because both his trial counsel and his first PCRA counsel abandoned him.

The petitioner contends that his trial counsel abandoned him by failing to file a direct appeal.  At the first PCRA hearing, the petitioner testified that he requested that his trial counsel file a direct appeal.  However, at the PCRA hearing, the petitioner's trial counsel denied that the petitioner requested

8

that a direct appeal be filed.  The PCRA court found the petitioner's testimony not credible.  There is no basis for us to find otherwise.  Moreover, the petitioner has not presented evidence that his trial counsel affirmatively lied to him about whether or not an appeal was filed.  Therefore, equitable tolling is not proper based on the alleged abandonment by trial counsel.

The petitioner contends that his first PCRA counsel also abandoned him by not filing a petition for allowance of appeal to the Pennsylvania Supreme Court from the order of the Superior Court affirming the denial of the first PCRA petition.  The petitioner has presented a letter from his first PCRA counsel in which counsel indicated that a petition for allowance of appeal would be filed. *Doc. 9 at 60.*  No such petition for allowance of appeal was filed.

PCRA counsel's failure to file an allowance of appeal could be seen as mere attorney error which does not justify equitable tolling.  PCRA counsel did not affirmatively lie to the petitioner that he had filed a petition for allowance of appeal. Rather, PCRA counsel failed to follow through on his stated intent to file a petition for allowance of appeal.  It is not clear, that such a failure is the type of affirmative misrepresentation by counsel that justifies equitable tolling. *See Schlueter v. Varner,*

9

384 F.3d 69, 76 (3d Cir. 2004)(denying equitable tolling in part by distinguishing the situation in that case where a habeas petitioner was misled by what his attorney said he would do from the situation of another case in which equitable tolling was justified because the litigant in that case was misled by what the attorney said he had done).  Even assuming arguendo that PCRA counsel's actions constitute an extraordinary circumstance that may warrant equitable tolling, we nevertheless conclude that equitable tolling is not warranted because the petitioner was not diligent.

    The record indicates that, in response to an inquiry by the petitioner, the Pennsylvania Supreme Court informed the petitioner, by a letter dated February 6, 2001, that no petition for allowance of appeal had been filed. *Doc. 6-2 at* 14-16.  Thus, if equitable tolling is otherwise warranted based on PCRA counsel's actions, such tolling would end when the petitioner learned that in fact counsel did not file a petition for allowance of appeal.  Thus, the statute of limitations would begin to run again a few days after February 6, 2001 when the petitioner received the February 6, 2001 letter from the Pennsylvania Supreme Court.  Assuming three days for mailing, we conclude that the statute of limitations began to run again on February 9, 2001.

As indicated before, 295 days of the statute of limitations had already run before the petitioner filed his first PCRA petition.  Thus, as of February 9, 2001, the petitioner had only 70 days left on the statute of limitations.  Accordingly, the statute of limitations expired on April 20, 2001.  The petitioner, however, did not file his federal habeas petition until July 30, 2008 - over seven years later.  We note that although the petitioner did file a second PCRA petition on May 23, 2001, that PCRA petition was filed after the statute of limitations had already expired.

The petitioner's claims are barred by the statute of limitations.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge


Dated:  November 6, 2008.

11